**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KYLE BROWNFIELD,

        Plaintiff - Appellant,

  v.

JAGUAR LAND ROVER NORTH AMERICA, LLC,

        Defendant - Appellee.

No. 12-56676

D.C. No. 8:11-cv-00309-JAK-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted August 28, 2014
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

Kyle Brownfield (Brownfield) appeals from the judgment entered in favor of

Jaguar Land Rover North America, LLC (Jaguar) following a jury trial of

Brownfield's case alleging that Jaguar violated the Song-Beverly Consumer

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

Warranty Act, also known as California's lemon law. *See* Cal. Civ. Code §§ 1790, *et seq.*

This case turned on whether Jaguar was given a reasonable number of opportunities to repair Brownfield's vehicle. The parties submitted conflicting jury instructions to explain "reasonable opportunities" as used in the Act, and the district court modified the standard jury instruction (CACI 3202) to include the following, additional paragraph:

> This instruction is entitled "Reasonable Opportunities Explained." Opportunities is plural. That is because, under the law that applies in this case, for Plaintiff to be entitled to relief for any particular problem with her Jaguar, she must show that she brought the car in to Jaguar for the repair of that particular problem on more than one occasion.[1]

Brownfield takes issue with the use of the phrase "any particular problem" in the instruction. However, the instruction "fairly and adequately cover[ed] the issues presented, correctly state[d] the law, and [was] not . . . misleading." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). As the case chiefly relied upon by Brownfield demonstrates, and as recognized by Brownfield during oral argument, California Song-Beverly cases use the terms "problem" and "defect"

---

[1] Jaguar's argument that the instruction was modified pursuant to the court's discretion to enforce its evidentiary rulings is unsupported, because the court explicitly stated that the reason for the modification was a "modest potential for some confusion among the jurors . . ."

interchangeably. *See, e.g., Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 793, 799 (2006). Brownfield also acknowledged during oral argument that both parties were given an opportunity to explain their respective theories of the case to the jury in light of the instructions.

**AFFIRMED.**